OFFUTT's Adm'rs. *vs.* OFFUTT.—June, 1828.

Where there is a full recovery, the record of it may be given in evidence on *non* assumpsit; and it is conclusive in bar, if the subject matter in dispute has been before decided on by a court of competent jurisdiction, between the same parties.

The record of an action of *assumpsit* between the same parties, in which the jury assessed the plaintiff's damages at a less sum than $50, and the court, for want of jurisdiction, gave judgment for the defendant, treating the verdict as a nullity, is no evidence of the former recovery of the debt due from the defendant to the plaintiff, nor can it operate as a bar in another action for the same debt.

A second suit brought on the same cause of action, cannot be sustained by the verdict in the former suit, where the sum ascertained by the jury was below the jurisdiction of the court.

APPEAL from *Montgomery* County Court. This was an action of *assumpsit*, in which the declaration of the plaintiffs below, (now appellants,) against the defendant, (the appellee,) contained sundry counts. Two for sundry matters and articles properly chargeable in account, as by particular accounts thereof, therewith in court exhibited; and the others were the ordinary money counts. The plaintiffs filed with their declaration two accounts—one charging the defendant as indebted to the plaintiffs' intestate, for work done, &c. commencing on the 8th of April 1816, and ending on the 6th of November 1819, amounting to $122 37½. The other charging the defendant as indebt-

ed to *George Heeter* for work done, &c. commencing on the 9th of January 1808, and ending on the 14th of December 1808, amounting to £5 19 8. This last account was assigned by *Heeter* to the plaintiffs' intestate on the 9th of September 1811. The defendant pleaded *non assumpsit,* and issue was joined.

1. At the trial the plaintiffs offered to prove to the jury, by a competent witness, the items contained in the aforegoing account filed in this cause. But the defendant objected thereto; and to show the said testimony to be inadmissible, offered in evidence a record of an action of *assumpsit* brought in the said court by the same plaintiffs, against the same defendant, on the 17th of February 1821, in which an account similar to that herein first above mentioned, was exhibited with the plaintiffs' declaration in that action, except that there was an additional charge in that account of two articles, amounting to $23, which are omitted in the plaintiffs' first mentioned account in this action. The defendant in that action filed in court an account in bar to the claim of the plaintiffs, amounting to $105 30. Issue was joined on the plea of *non assumpsit;* and at the trial of the cause at March term 1822, the jury found a verdict in favour of the plaintiffs for the sum of $41 74; and as the sum so found did not exceed $50, judgment was rendered for the defendant for his costs. The defendant proved that the suit mentioned in the said record was between the same parties as those in this suit, and that the items in the account here produced are the same in the account which was filed in the former suit. And he insisted that the verdict and proceedings aforesaid were a bar to this suit upon the same cause of action. Of which opinion was the Court, [*Kilgour*, A. J.] and accordingly refused to permit the plaintiffs to prove the items in the said account, and so instructed the jury. The plaintiffs excepted.

2. The defendant having offered in evidence the record in the former trial between the same parties, as above mentioned, the plaintiffs then claimed the amount of the said verdict, as stated in the said record, as due to them. But the court was of opinion that the said evidence was inadmissible as proof of

any thing due from the defendant to the plaintiffs, upon which they could recover in this court; and so directed the jury. The plaintiffs excepted; and the verdict and judgment being against them, they appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, and ARCHER, J.

Z. *Magruder*, for the Appellants. On the *first* bill of exceptions, he contended, 1. That the judgment given in evidence was only a judgment of *non pros*, and, therefore, did not decide any matter; and was also void, or could have no operation, as the court had no jurisdiction of the cause. 2. That admitting the judgment to be effectual for any purpose, *it could only operate* to show the amount of what was due upon the matter litigated in that action, and could not operate as a bar to the second action on the issue there joined. He cited 1 *Phill. Evid.* 234, *(note.) Borden v Fitch*, 15 *Johns. Rep.* 121.

On the *second* bill of exceptions, he insisted that the instruction of the court below was erroneous, because the plaintiffs, at all events, upon the issue joined on *non assumpsit*, were entitled to give in evidence, and claim the amount mentioned in the verdict, and connect it with other matters not litigated in the first action, so as to support the jurisdiction of the court; and although the jury were sworn to inquire into the existence of a promise or contract, the direction of the court was such as to induce them to find a verdict directly contrary to the evidence produced by the defendant himself. He cited 1 *Phill. Evid.* 235. *Soddon v Tutop*, 6 *T. R.* 607.

No Counsel appeared for the Appellee.

EARLE, J. delivered the opinion of the Court. These appellants were plaintiffs in *Montgomery* county court, and instituted their suit on a long account for blacksmith's work, commencing the 8th of April 1816, and ending the 6th of November 1819, and amounting to $122 37½. To this they tacked a small account of £5 19 8, assigned to their intestate, and for the whole declared in various ways, and among others, for an account brought into court with their declaration.

The defendant pleaded *non assumpsit*, and when on the trial, the plaintiffs produced their account, and offered to prove the several items of it, the defendant objected; and to show the testimony inadmissible, he presented a record of *Montgomery* county court, of a suit between the same parties, for the account of $122 37½, and insisted it was a bar to the recovery in this case; and fully demonstrated that the evidence offered by the plaintiffs was not admissible. The court were of this opinion, and refused to permit the plaintiffs to prove the items of their account. The record produced was the record of a suit between the same parties, and on the same account of $122 37½, with two additional articles to the amount of about $23; opposed to which was an account in bar of *Osgood Offutt's* against *James Offutt* of *William*, which reduced the plaintiffs' verdict to $41 74, a sum below the jurisdiction of the court. For want of jurisdiction, no judgment was rendered on the verdict; but the judgment rendered was for the defendant, for his costs. This is the substance of the *first* bill of exceptions; and it is made a question, whether the record of this proceeding, thus conducted, and thus eventuating, is a bar to a recovery in the present action, or can be given in evidence as such?

It appears to us, that this record was offered prematurely, before the plaintiffs had given proof of the items of their accounts, and more particularly so, as the tacked account had not been an object of controversy in the former suit. But if the record had been offered in evidence at a proper time, we are of opinion that it could not operate as a bar to the present action, and could not be received in evidence as such. Where there is a full recovery, the record of it may be given in evidence on *non assumpsit*, and it is conclusive in bar, if the subject matter in dispute has been before decided on by a court of competent jurisdiction, between the same parties. In the case before us, there was no recovery had by the plaintiffs in the former suit, because *Montgomery* county court wanted jurisdiction to give them a judgment. The jury ascertained the sum of their damages, but the ascertainment is of no avail, and as to them the verdict is a nullity. It cannot be made the foundation of a further claim against the defendant; and unsupported by a judg-

ment, it cannot, under any circumstances, be made evidence before a jury. It certainly will not answer the purpose for which it was produced by the defendant. It will not witness a former recovery of the debt due from the defendant to the plaintiffs' intestate.

The opinion of the court below on the other bill of exceptions, is a correct one. It is supported by the case of *Read & Miller v Hannan*, in which there was a *nisi affirmance* in this court at December term 1807. This case we have examined, and approve of the decision therein of *Baltimore* county court. It establishes the position, that a second suit brought on the same cause of action cannot be sustained by a verdict in the former suit, where the sum ascertained by the jury is below the jurisdiction of the court.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.